UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Izhar Ahmed,<br><br>                          Plaintiff,<br><br>               -against-<br><br>Jacob L. Mulford and John Galt Group, LLC,<br><br>                        Defendants. | 25-CV-132 (AS)<br><br>ORDER |

ARUN SUBRAMANIAN, United States District Judge:

      Defendants removed this case from the Supreme Court of the State of New York, Bronx County on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Defendants have the burden of showing that there is a "reasonable probability that the jurisdictional amount has been reached." *Chao Ma v. United Rentals (N. Am.), Inc.*, 678 F. Supp. 3d 412, 414 (S.D.N.Y. 2023) (citation omitted). Any doubts must be "resolve[d] . . . against removability," "out of 'respect for the limited jurisdiction of the federal courts and the rights of states.'" *Id.* (quoting *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007)).

      Here, defendants allege that the amount in controversy requirement for diversity jurisdiction is met because plaintiff was asked during a telephone call to stipulate to limiting damages to $75,000 and had not yet done so, because of plaintiff's complaint, and because "the accident involved a tractor-trailer." Dkt. 1 at 2. Based on these three points, defendants argue they have a "good faith basis to believe the matter in controversy in this action exceeds the sum or value of $75,000.00." *Id.*

      But "[p]laintiff's refusal to sign a stipulation limiting damages to $75,000 cannot establish the requisite amount in controversy to confer subject matter jurisdiction on the Court." *Valentin v. Dollar Tree Stores, Inc.*, 2021 WL 2852039, at *2 (S.D.N.Y. July 8, 2021); *see also Noguera v. Bedard*, 2011 WL 5117598, at *2 (E.D.N.Y. Oct. 26, 2011) (collecting cases). It can sometimes be considered as evidence of the amount in controversy, but only where there are also other strong signals. *See Valentin*, 2021 WL 2852039, at *2 ("[T]his factor has helped to establish the amount in controversy only in limited circumstances—for example, where the plaintiff admitted in open court that damages likely exceeded $75,000."). Here, defendants' only other evidence is the complaint generally, and that "the accident involved a tractor-trailer." Dkt. 1 at 2. But the complaint does not state a specific monetary demand, and broadly alleging serious personal injury and economic loss doesn't satisfy the pleading requirement. *See Herlihy v. Hyatt Corp.*, 2022 WL 826151, at *2 (S.D.N.Y. Mar. 18, 2022) ("[G]eneralized and conclusory allegations do not permit the Court to draw the reasonable inference that the amount in controversy requirement is met."). Nor does the mere involvement of a tractor-trailer. This is simply not enough to show that the

amount in controversy is more than $75,000, so removal is improper. *See Chao Ma*, 678 F. Supp. 3d at 415–17 (remanding in very similar circumstances, also involving a car accident).

In addition, defendants' notice of removal states that plaintiff is a "resident of the State of New Jersey" but does not allege plaintiff's citizenship, which is required to show diversity of citizenship. *See Leveraged Leasing Admin. Corp. ex rel. Dweck v. Pacificorp Cap.*, 87 F.3d 44, 47 (2d Cir. 1996) ("It is . . . clear that a statement of the parties' residence is insufficient to establish their citizenship."). And finally, defendant's notice of removal argues that removal is timely under 28 U.S.C. § 1446(b) because plaintiff filed the complaint in state court on November 25, 2024, and the notice of removal was "filed within 30 days of first notice of lawsuit." However, the Court notes that the notice of removal is dated December 27, 2024 but was filed with the Court on January 7, 2025. So it is unclear based on the notice of removal that removal was timely.

On or before **January 20, 2025**, defendants can either 1) furnish additional evidence that the amount in controversy satisfies the jurisdictional requirement, 2) sufficiently allege all parties' citizenship, and 3) explain why removal was timely; or otherwise consent to remand of this case to the Supreme Court of the State of New York, Bronx County.

SO ORDERED.

Dated: January 10, 2025
New York, New York

ARUN SUBRAMANIAN
United States District Judge